# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 23-1209V
UNPUBLISHED

| | |
|---|---|
| SKYLAR ALLEN, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: March 27, 2024 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Michelle Greene*, The Lanier Law Firm, PLLC, New York, NY, for Petitioner.

*Julia M. Collison*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

On August 1, 2023, Skylar Allen filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34 (the "Vaccine Act"). Petitioner alleges that she suffered various injuries from human papillomavirus ("HPV") vaccinations she received on May 31, 2019, July 31, 2019[2], and January 2, 2020. ECF No. 1 at 2.

Because the petition was untimely filed, and Petitioner has failed to establish a basis for equitable tolling, Respondent's motion to dismiss is **GRANTED** and this case is **DISMISSED**.

### Relevant Factual Background

From age twenty-one to twenty-two, Petitioner received the three HPV vaccinations at Virtua Women's Primary Care and Wellness Center. Exhibit 2 at 156, 262-64, 271. After the third vaccination on January 2, 2020, Petitioner stated that she was

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] In the petition and affidavit (exhibit 1), Petitioner stated that the second HPV vaccination was administered on July **7**, 2019, but the medical records support a vaccination date of July **31**, 2019. Exhibit 2 at 271.

experiencing symptoms of postural orthostatic tachycardia syndrome ("POTS") in February 2020. Exhibit 1 ¶ 3. At a March 4, 2020 cardiology appointment, Petitioner reported going to the emergency room for lightheadedness and palpitations on January 27, 2020.[3] Exhibit 3 at 8. Petitioner was later diagnosed with POTS. Exhibit 1 ¶ 4.

Petitioner alleged the preceding medical history in the petition and repeated the history in her response to the order to show cause. Facially, Petitioner's claim herein was filed over three and a half years after her last HPV dose, which was administered in January 2020, and around three and a half years from the time she began manifesting symptoms later in January 2020. But Petitioner maintains her delay is excusable. In the response to the motion to dismiss, Petitioner stated at the time this vaccination occurred, no one discussed the possible adverse side effects of the HPV vaccine, no Vaccine Information Statement (VIS) was provided, and no information was relayed about the Vaccine Program. ECF No. 13 at 2. Although Petitioner asserts that she "testified" about these statements, none of these statements were included in Petitioner's affidavit. Exhibit 1. Petitioner stated that she did not learn about the Vaccine Program until June 2023, but she filed a vaccine claim soon after. ECF No. 13 at 15. Again, Petitioner did not attest to this statement in her affidavit and only stated it in the response to the motion to dismiss. Exhibit 1.

### Relevant Procedural History

On November 7, 2023, Respondent filed a motion to dismiss arguing that the claim had been filed outside the Vaccine Act's 36-month statute of limitations, Sec. 16(a)(2). ECF No. 11. Respondent maintained that Petitioner had not diligently pursued her rights before filing a vaccine claim in 2023. Respondent also disputed the veracity of contentions about the manufacturer's conduct, and whether it could in any event constitute an extraordinary circumstance that would serve as a basis for tolling the statute of limitations.

On December 19, 2023, Petitioner filed a response. ECF No. 13. Petitioner did not dispute the onset of symptoms in January/February 2020, or that her petition was filed in August 2023 (and not sooner than January/February 2023, the statute of limitations deadline), but instead argued that the limitations period should be equitably tolled. Petitioner asserted that she had diligently pursued her rights once she realized the connection between her injuries and the HPV vaccine and became aware of the Vaccine Program. Petitioner also made allegations not relevant to a Vaccine Act claim, about the perfidious conduct of the vaccine manufacturer in fraudulently concealing the HPV vaccine's harmful character from the public. ECF No. 13 at 15. Relatedly, Petitioner argued that the failure of a healthcare professional to provide her with a Vaccine Information Statement at the time of vaccination can be attributed to the Department of

---

[3] Petitioner does not appear to have filed the medical records from the emergency department.

Health and Human Services' failure to systematically ensure that VIS are provided and explained to all vaccine recipients. *Id.* at 3.

Respondent did not file a reply to Petitioner's response.

## Legal Standards

The Vaccine Act's statute of limitations is thirty-six months. Sec. 16(a)(2). The statute begins to run from the manifestation of the first objectively cognizable symptom, whether or not that symptom is sufficient for diagnosis (or even recognized by a claimant as significant). *Id.*; *Carson v. Sec'y of Health & Hum. Servs.*, 727 F.3d 1365, 1369 (Fed. Cir. 2013).

The Federal Circuit has held that the doctrine of equitable tolling can apply to Vaccine Act's statute of limitations. *See Cloer v. Sec'y of Health & Hum. Servs.*, 654 F.3d 1322, 1340-41 (Fed. Cir. 2011). However, in keeping with applicable U.S. Supreme Court precedent, equitable tolling of a limitations period is to be permitted "sparingly." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, (1990). The appropriateness of equitable tolling is ultimately to be determined on a case-by-case basis, without rigid application of any relevant overarching guidelines. *Holland v. Florida*, 560 U.S. 631, 649–50 (2010); *accord Arctic Slope Native Ass'n v. Sebelius*, 699 F.3d 1289, 1295 (Fed. Cir. 2012).

Petitioners must prove two elements to establish equitable tolling: (1) that petitioner diligently pursued her rights, and (2) an extraordinary circumstance prevented her from timely filing the claim. *K.G. v. Sec'y of Health & Hum. Servs.*, 951 F.3d 1374, 1379 (Fed. Cir. 2020) *(*citing *Menominee Indian Tribe v. United States*, 577 U.S. 250, 255 (2016)). When first articulating this limited exception to equitable tolling, the Federal Circuit primarily enumerated fraud and duress—but not, for example, *lack of awareness* on a petitioner's part that she might have an actionable claim. *Cloer*, 654 F.3d at 1344–45 (noting that tolling of the Vaccine Act's statute of limitations period is not triggered "due to unawareness of a causal link between an injury and administration of a vaccine").

## Analysis

The untimeliness of this filing is acknowledged by Petitioner, so the only question to be resolved is whether equitable tolling should save the claim. But Petitioner has failed to establish both elements of equitable tolling – diligent pursuit and extraordinary circumstances.

### A)  Diligent pursuit

Petitioner was twenty-one years old when she received the May 31, 2019 vaccination and was twenty-two years old when she received the July 31, 2019 and January 2, 2020 HPV vaccinations. Petitioner argues that she was impeded by the failure of the vaccine administrators to provide her with a VIS or any other information about the Vaccine Program at the vaccination appointments. Petitioner only began to diligently pursue a vaccine claim in June 2023 through an attorney soon after she learned that the HPV vaccine had potential adverse effects and that she had a remedy in the Vaccine Program.

These arguments are wholly unpersuasive. It is beyond question that claims asserted in the Vaccine Program are not subject to a "discovery rule," accruing only when a claimant *learns* he or she might possess a cause of action. Rather, the statute of limitations period is triggered by the onset of Petitioner's symptoms – whether or not onset was understood to be the start of the claimed injurious illness or condition. *Cloer v. Sec'y of Health & Hum. Servs.*, 654 F.3d 1322, 1340 (Fed. Cir. 2011) (en banc). And the failure to be advised of the Vaccine Program or the Act does not support equitable tolling of the statute of limitations period for an otherwise-untimely filed petition. *Speights v. Sec'y of Health & Hum. Servs.*, No. 03-2619V, 2013 WL 5944084, at *13 (Fed. Cl. Spec. Mstr. Oct. 17, 2013). Thus, a petitioner cannot generally shield an untimely claim from dismissal by asserting, even in good faith, that she literally was unaware of her Vaccine Act "rights."

### B)  Extraordinary Circumstances

Petitioner's arguments about the purported fraudulent conduct of the vaccine's manufacturer, in hiding proof of the vaccine's dangers, deserve even less consideration. ECF No. 13 at 15. As a threshold matter, these contentions are speculative and not evidentiarily-supported. And regardless of their actual truth, the fact remains that the Government *has approved* the HPV vaccine for administration to minors, rendering it "covered" under the Act.[4] The only issue to be resolved in a Program case is whether (assuming, as here, the claim is not a Table claim) the claim meets the standards for causation – and those standards have nothing to do with a manufacturer's alleged misconduct in preparation or promotion of the underlying vaccine.

These allegations also are not a basis for tolling under the circumstances. Petitioner simply has not shown that contentions of corporate misconduct not specific to, or directed at, her personally could rise to the level of the kind of "fraud" that might excuse

---

[4] The HPV vaccine was first added to the Table in 2007. 42 C.F.R. § 100.3 (Vaccine Injury Table); National Vaccine Injury Compensation Program: Addition of Meningococcal and Human Papillomavirus (HPV) Vaccines to the Vaccine Injury Table, 72 Fed. Reg. 19937 (Apr. 20, 2007).

failing to file a Program claim in a timely manner. Nor has she persuasively established that the vaccine administrator's "failure to warn," or provide a VIS in 2019 or 2020, is an extraordinary circumstance. Even assuming the factual accuracy of that allegation,[5] it remains the case (as the Circuit recognized in *Cloer*) that vaccine claims accrue upon onset – and that the failure to be advised of the Vaccine Program does not support equitable tolling. *Cloer,* 654 F.3d at 1340; *see also Speights,* 2013 WL 5944084, at *13. And arguments about governmental agency knowledge of a failure to warn reflect overheated, almost-conspiratorial allegations that do not come close to excusing the claim's untimely nature.

## Conclusion

Thus, Petitioner has failed to establish equitable tolling. **This case is dismissed for being untimely filed. The Clerk of Court shall enter judgment accordingly.**[6]

**IT IS SO ORDERED.**

> **s/Brian H. Corcoran**
> Brian H. Corcoran
> Chief Special Master

---

[5] Petitioner has only stated in the response to the motion to dismiss, not attested in an affidavit, that she did not receive vaccine counseling, a VIS, or any information about the Vaccine Program during the HPV vaccination appointments. ECF No. 13 at 12, 15. At the May 31, 2019 HPV vaccination appointment, Petitioner stated that she was interested in receiving the HPV vaccine due to a prior HPV infection. Exhibit 2 at 152. This interest in the vaccine would support Petitioner having some prior knowledge or understanding of the risks of the vaccine. The records for this appointment also contain a vaccine consent form signed by Petitioner which supports Petitioner having received some vaccine counseling before the vaccine was administered. *Id.* at 155. The records do not contain the July 31, 2019 and January 2, 2020 vaccination appointments and only contain billing statements for the related vaccinations. *Id.* at 262-64, 271.

[6] If Petitioner wishes to bring a civil action, she must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."